NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARK M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.M., *Appellees*.

No. 1 CA-JV 18-0281
FILED 1-15-2019

---

Appeal from the Superior Court in Maricopa County
No. JD22390
The Honorable Sara J. Agne, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Phoenix
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1** Mark M. (Father) appeals the juvenile court's order terminating his parental rights to A.M. (Child), arguing DCS failed to make diligent efforts to provide appropriate reunification services and also failed to prove severance was warranted by clear and convincing evidence.[1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** When Child was born in November 2016, her mother (Mother) was struggling with methamphetamine abuse and untreated mental illness.[2] She was also non-compliant with services provided through an open dependency with Child's half-sister. Father was likewise unable to provide a safe and stable home or proper supervision to Child given his own extensive history of substance abuse and inability to recognize Mother's substance abuse. DCS removed Child from her parents' care, filed a petition alleging Child was dependent as to Father upon grounds of neglect,[3] and referred Father for visitation and parent aide

---

[1] Father does not appeal the juvenile court's determination that severance is in Child's best interests, and our review of that issue has been waived.

[2] "[W]e view the evidence and reasonable inferences to be drawn from it in the light most favorable to sustaining the court's decision." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002)).

[3] DCS also alleged Child was dependent as to Mother on the grounds of neglect, substance abuse, and mental illness. Mother's parental rights to Child were terminated in July 2018, and her appeal was dismissed after counsel avowed having identified no non-frivolous issues for this Court's

services, plus urinalysis and hair follicle testing to rule out current substance abuse.

¶3           After a contested hearing, the juvenile court adjudicated Child dependent in May 2017 and adopted a case plan of family reunification. Meanwhile, Father missed thirteen of twenty-nine scheduled urinalysis tests and tested positive for amphetamine and methamphetamine in March. Four of his urinalysis samples were diluted, and he refused to provide a hair sample for testing. Parent aide services and substance abuse treatment and testing were all closed after Father failed to engage. Additionally, Father continued living with Mother despite her inability to complete substance abuse treatment or maintain sobriety.

¶4           By November 2017, Father had not participated in substance abuse testing for four months and was not otherwise engaged in any services or consistent with visitation. The juvenile court ordered the case plan changed to severance and adoption, and DCS immediately moved to terminate Father's parental rights upon grounds of chronic substance abuse and the length of time in out-of-home care.

¶5           Father's participation did not improve. He was re-referred for substance abuse treatment two more times but failed to even complete the intake appointment. He attended one of four scheduled urinalysis tests in December 2017 and then discontinued testing altogether. Because Father failed to engage in services, the parent aide service was downgraded to simple supervision by a DCS case aide.

¶6           At the May 2018 contested hearing, DCS presented evidence that Father, then fifty years old, had begun using marijuana and cocaine at age fifteen and methamphetamine at age twenty-five. Despite receiving an "other than honorable discharge" from the military and amassing at least six felony convictions as a direct result of his drug use, numerous prior attempts at substance abuse treatment had been unsuccessful. The DCS caseworker was concerned that Father had not engaged in court-ordered services and had not established sobriety in light of his lengthy history of substance abuse. The caseworker added that Child was adoptable and in an adoptive placement with her older half-sister.

---

review. At the time, Mother's parental rights to two other children had already been terminated, and she had no contact with a third child who was placed permanently with his father.

¶7          Father denied any current struggle with substance abuse.  He admitted having failed to participate in services but suggested the services were unnecessary and it was more important that he work.  But even when the DCS caseworker coordinated services around his work schedule, Father still did not attend.  As for housing and employment, Father was employed as an electrician for three months at the time of trial, and he and Mother were temporarily living with a man whose last name he did not know.  If Child were returned to his care, Father intended for Mother to provide childcare while he worked, despite Mother's proven "resistan[ce]" to substance abuse treatment.  At the conclusion of his testimony, Father testified he did not believe he was given an adequate opportunity to reunify with Child and he needed "more to make it work."

¶8          After taking the matter under advisement, the juvenile court found DCS had proved by clear and convincing evidence that it had made diligent efforts to provide appropriate reunification services but termination of Father's parental rights was warranted because: (1) Father had a history of chronic abuse of dangerous drugs that rendered him unable to discharge parental responsibilities and there were reasonable grounds to believe the condition would continue for a prolonged indeterminate period, and (2) Father had substantially neglected or willfully refused to remedy the circumstances causing Child to be in an out-of-home placement for longer than the statutory period.  Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(3), (B)(8)(a)-(b).[4]  The court also found severance was in Child's best interests and entered an order terminating Father's parental rights.  Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

**DISCUSSION**

I.          **DCS Made Diligent Efforts to Provide Reunification Services.**

¶9          Father first argues the juvenile court erred in granting the termination motion because he was not afforded sufficient time to participate in services.  To terminate parental rights, DCS must first prove it made diligent efforts to provide reunification services.  *See* A.R.S. § 8-533(B)(8) (requiring diligent reunification efforts when termination is based upon the length of time in out-of-home care); *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 49, ¶¶ 14-15 (App. 2004) (requiring diligent

---

[4]          Absent material changes from the relevant date, we cite the current version of rules and statutes.

reunification efforts when termination is based upon the parent's chronic substance abuse). But DCS is not required to provide every conceivable service, undertake futile rehabilitative measures, or ensure the parent's participation. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 187, 192-93, ¶¶ 1, 37, 42 (App. 1999); *Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994) (citing *Maricopa Cty. Juv. Action No. JS-5209 & No. JS-4963*, 143 Ariz. 178, 189 (App. 1984)). Rather, it must only "provide a parent with the time and opportunity to participate in programs designed to improve the parent's ability to care for the child." *Mary Ellen C.*, 193 Ariz. at 192, ¶ 37 (citing *JS-501904*, 180 Ariz. at 353). We defer to the juvenile court's factual findings, including those regarding DCS's diligence in providing services, so long as they are supported by substantial evidence. *See Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81-82, ¶¶ 13, 16 (App. 2005) (citing *Jesus M.*, 203 Ariz. at 280, ¶ 4).

¶10      Father also argues the juvenile court should have granted a continuance of the severance trial. We review an order denying a continuance for an abuse of discretion. *See Yavapai Cty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988) (citation omitted).

¶11      The record reflects Father was given ample time and opportunity to participate in reunification services. Father was referred for substance abuse testing and treatment, parent aide services, and visitation — all designed to address DCS's concerns regarding his history of substance abuse and ability to provide a safe and stable home for Child — immediately after Child's removal and regularly thereafter. Yet by the time of trial, eighteen months later, Father had not meaningfully engaged in any of these services, even though the statutory period for compliance had passed two to three times over. *See* A.R.S. § 8-533(B)(8)(a) (authorizing termination of parental rights after a child is in out-of-home care for nine months), (b) (authorizing termination of parental rights after a child under three is in out-of-home care for six months). While the Court appreciates Father's focus upon his employment, financial stability does not supplant the parent's need to establish and maintain sobriety and learn the skills necessary to provide a child with appropriate parenting and supervision. Moreover, Father admitted he did not participate even when the services were scheduled around his work obligations.

¶12      In sum, substantial evidence supports the juvenile court's finding that it was not a lack of time but a lack of will that prevented Father from proving his willingness and ability to parent. We find no error in the court's conclusion that DCS made diligent efforts to provide reunification

services, nor any abuse of discretion in the denial of Father's request for additional time.

## II. DCS Proved the Statutory Grounds for Severance by Clear and Convincing Evidence.

**¶13** Father next argues that DCS failed to prove the grounds for severance by clear and convincing evidence. To terminate parental rights, the juvenile court must find by clear and convincing evidence at least one statutory ground for severance. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 281-82, ¶ 7 (2005) (citing A.R.S. § 8-537(B)). We do not reweigh the evidence upon appeal; as the trier of fact, the court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (citing *Jesus M.*, 203 Ariz. at 280, ¶ 4). We will affirm the court's determination that severance is warranted "unless we must say as a matter of law that no one could reasonably find the evidence to be clear and convincing." *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94, ¶ 7 (App. 2009)).

**¶14** A parent's rights may be terminated pursuant to A.R.S. § 8-533(B)(8)(a) when:

> [T]he child is being cared for in an out-of-home placement under the supervision of the juvenile court, . . . [DCS] has made a diligent effort to provide appropriate reunification services[,] . . . [t]he child has been in an out-of-home placement for a cumulative total period of nine months or longer pursuant to court order[,] . . . and the parent has substantially neglected or wil[l]fully refused to remedy the circumstances that cause the child to be in an out-of-home placement.

In evaluating the parent's performance, the juvenile court must consider "the availability of reunification services to the parent and the participation of the parent in these services." A.R.S. § 8-533(D).

**¶15** Severance based upon a child's time in an out-of-home placement "is not limited to those who have completely neglected or willfully refused to remedy such circumstances." *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). Rather, the juvenile court is "well within its discretion in finding substantial neglect and terminating parental rights" where a parent makes only "sporadic, aborted attempts to remedy" the situation. *Id.* Indeed, "[l]eaving the window of opportunity

for remediation open indefinitely is not necessary, nor . . . [is it] in the child's or the parent's best interests." *Id.* at 577 (citing *Maricopa Cty. Juv. Action No. JS-4283*, 133 Ariz. 598, 601 (App. 1982)). This scheme gives the parent an incentive to address his deficiencies and assume parental responsibilities as soon as possible, thereby furthering a young child's interest in permanency. *See id.*

**¶16** Substantial evidence supports the juvenile court's conclusion that severance was warranted because Father substantially neglected or willfully refused to remedy the circumstances causing Child to be in out-of-home care for longer than nine months. In the first six months after Child's removal, Father missed more than a third of the scheduled urinalysis tests. Thereafter, despite testing positive for amphetamine and methamphetamine, Father refused to provide a hair follicle sample and failed to engage in substance abuse treatment. In the year immediately preceding trial, Father participated in only four of forty-five scheduled tests. Moreover, the record does not contain any evidence suggesting Father appreciated Mother's uncontrolled substance abuse and mental illness, or the danger those circumstances posed to Child.

**¶17** Ultimately, at the time of the severance trial, Child had been in an out-of-home placement for eighteen months. In the interim, services designed to promote reunification were available, but Father substantially neglected to, and in some instances, willfully refused to participate, and the risks to Child arising from the parents' substance abuse remained.[5] Accordingly, we find no error.

---

[5] Because we find clear and convincing evidence supports the termination order based upon the time Child was in out-of-home care, we need not and do not consider whether the remaining grounds are supported by the record. *Jesus M.*, 203 Ariz. at 280, ¶ 3 ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.") (citing *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000), and *Maricopa Cty. Juv. Action No. JS-6520*, 157 Ariz. 238, 242 (App. 1988)).

## CONCLUSION

¶18     The order terminating Father's parental rights to Child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA